

FILED
DISTRICT COURT OF GUAM
DEC 26 2006
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JOHN G. MANIBUSAN,<br><br>  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Criminal Case No.  89-00104<br>Civil Case No.   06-00006<br><br>**ORDER** |

Petitioner, John G. Manibusan ("Manibusan") filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("motion"). The Court deems the matter appropriate for decision without oral argument. FED. R. CIV. P. 78. After careful consideration of the matter, the Court finds no basis for the relief as requested and DENIES Manibusan's motion.

## BACKGROUND

On September 13, 1989, Manibusan waived Indictment and entered a plea of guilty to an Information charging one count of Possession with Intent to Deliver Heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See* Waiver, Information and Plea Agreement, Docket Nos. 1, 2 & 3 respectively. At the time of his plea, Manibusan stipulated to the following:

> Joseph Manibusan would get heroin . . . and basically when he had this heroin in the house, that he would involve his brothers, in this case, John Manibusan, to help cut up the heroin, dime it up into bindles or into caps, and that he would also involve his brother John in distribution of some of that heroin. And that the evidence would show that this happened in early 1987, in the District of Guam, and that John Manibusan knew it was heroin at the time he assisted his brother.

*See* Docket No. 18, Plea Transcript ("Plea") at 17-18.



Manibusan was sentenced on March 16, 1990, and committed to the custody of the United States Attorney General to serve a period of incarceration of twelve (12) years. The judgment of conviction was entered on the docket on March 16, 1990.[1] Manibusan did not file a notice of appeal within ten (10) days after entry of the Court's judgment. His conviction became final on March 26, 1990. *See,* FED R. APP. P. 4(b); *United States v. Schwartz,* 274 F.3d 1220, 1223 (9th Cir. 2000) (holding a conviction is final if a notice of appeal is not filed within ten (10) days).

After sentencing, Manibusan remained in the custody of the local territorial court, the Superior Court of Guam.[2] On March 19, 1990, the U.S. Marshal placed a detainer on Manibusan in order to effectuate his transfer to federal prison upon completion of his local case.[3] *See* Docket No. 25, Exhibit 3. Manibusan was released from the Guam Department of Corrections on May 19, 1999 after completing his local sentence and was transferred to the Federal Bureau of Prisons. *See* Docket No. 25, Exhibits 4a and 4b. Manibusan made a request for parole consideration on June 8, 2005 which was denied on August 12, 2005. On March 13, 2006, Manibusan, *pro se* and incarcerated, brought this Motion pursuant to 28 U.S.C. § 2255.

---

[1] Due to a clerical error, the original Judgment actually reflected that Manibusan was sentenced to twelve (12) years incarceration followed by five (5) years of supervised release. See Judgment, Docket No. 9. In fact, it is clear from the Court's statements at both the time of plea and sentencing that it was the Court's intent to sentence Manibusan in accordance with the law antedating the guidelines. After review of the record, this Court, in its order of April 3, 2006 found that a "clerical error" existed and that the words referencing Manibusan being placed on supervised release be redacted from the judgment. *United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir.1988) ("It is the words pronounced by the judge at sentencing, not the words reduced to writing in the judge's Judgment/Commitment Order, that constitute the legal sentence"). Accordingly, the clerical error has no effect on Manibusan's present motion before the Court. The Judgment has since been amended pursuant to FED R. CRIM. P. 36. *See,* Docket No. 33.

[2] When Manibusan's sentencing arose he was in local custody facing charges of manslaughter, robbery and burglary. He was brought into federal court to dispose of the heroin charge pursuant to a *writ of habeas corpus ad prosequendum. See* Docket No. 25, Exhibit 2. He was returned to local custody following the sentencing hearing.

[3] Manibusan was convicted in his local case after a trial on July 27, 1990, and sentenced on September 20, 1990. Manibusan appealed his sentence in his local case and on January 20, 1995, he was ultimately sentenced to an aggregate of ten (10) years as a result of convictions for Manslaughter, Robbery and Burglary. He was given credit by the Guam Department of Corrections against his local sentence for all the time that he spent in custody from May 20, 1989 through January 20, 1995.

## MANIBUSAN'S MOTION IS UNTIMELY

28 U.S.C. § 2255 allows persons in federal custody to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by a court.[4] *See, United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 2240 (1979). Since such a challenge calls into question a conviction's finality, collateral relief is an extraordinary remedy that should only be granted when a fundamental defect could have resulted in a complete miscarriage of justice, or the rudimentary rules of fair procedure were not followed. *United States v. Timmreck*, 441 U.S. 780, 783, 99 S. Ct. 2085, 2087 (1979).

Manibusan claims that he is entitled to relief for the following reasons: 1) his plea was obtained in violation of Due Process, citing *Santobello v. New York*, 404 U.S. 257 (1971); 2) his plea was obtained in violation of Due Process, citing *United States v. Meyers*, 451 F.2d 402 (9th Cir. 1972); 3) the trial court lacked jurisdiction to impose sentence; and 4) defense counsel was ineffective for failing to raise the issues previously enumerated in one through three above.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, imposes a strict one-year limitation concerning the time frame within which a prisoner may bring a motion to vacate, set aside, or correct his sentence under that section. The one-year period runs from "the latest" of the events enumerated as follows:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

---

[4] The statute states, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

> the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Here, if Manibusan was to seek relief pursuant to § 2255 subsection (1), he would have had to do so within one year of March 26, 1990 when his judgment became final. However, as noted, Manibusan did not file his motion until March 13, 2006 approximately sixteen years later. Accordingly, he is barred from relief under subsection (1). Manibusan therefore needs to establish that one of the conditions presented in subsections (2) through (4) occurred within the year preceding the filing of the instant motion. In other words, for the motion to be timely filed, one of the events in subsections (2), (3) or (4) must have occurred on or after March 13, 2005.

Manibusan fares no better under subsections (2) through (4) as he fails to provide sufficient bases within the enumerated criteria. For example, in order to seek relief under subsection (2) he would need to show the removal of a governmental action that previously impeded his seeking relief under § 2255. Manibusan's motion makes no mention of any such removal. Accordingly, subsection (2) does not apply. Likewise, Manibusan fails to provide any facts or argument that provide him relief under subsections (3) and (4). He does not allege the existence of a recent Supreme Court decision recognizing a new constitutional right thereby implicating subsection (3). Nor, is his claim supported by "newly discovered" facts as required in subsection (4).

Moreover, even if the Court assumes *arguendo*, that at the time his federal sentence was imposed, Manibusan believed his federal sentence was to be served concurrently with any sentence imposed on his local case, upon receiving the federal detainer on March 19, 1990, Manibusan knew or should have known that a possibility existed that his sentence was to run consecutively. Further, Manibusan's transfer to federal custody on May 19, 1999 should have also served as an indicator that his sentences were running consecutively.[5] Perhaps most glaring

---

[5] The Court notes that if Manibusan started serving his sentence immediately as he indicates was his belief, he would have been eligible for parole as early as March of 1994. However, Manibusan did not make any inquiries regarding this status or take any action to contest his sentence for eleven more years.

4

indicator of all is that at the latest, the twelve year federal sentence would have been completely served by September of 2002 if it was running consecutive to his local sentence. However, despite this fact, Manibusan failed to bring his claim within one year of that date even though according to his belief his sentence should have been fully served. He still waited an additional three and one-half years. The fact that he finally requested parole in June of 2005 and was denied is inconsequential because it served only to confirm that his sentence was consecutive, something Manibusan knew or should have known "through the exercise of due diligence" since September 2002, at the very latest. Accordingly, Manibusan's motion would still be untimely. Again, because none of the four enumerated events occurred within one year of Manibusan's motion, the motion is untimely.

## CONCLUSION

Based on the aforementioned reasoning, this Court finds that the statute of limitations created by ADEPA bars Manibusan from raising a claim. Accordingly, Manibusan's motion for relief pursuant to 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED** this 26th day of December, 2006.

FRANCES TYDINGCO-GATEWOOD
CHIEF DISTRICT JUDGE